74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Vernon INGERSOL; Marlena Ingersol, Defendants-Appellants,
and
James SIMPSON; Kathy Simpson, Defendants.
 No. 94-6441.
 United States Court of Appeals, Tenth Circuit.
 Jan. 10, 1996.
 
 Before SEYMOUR, Chief Judge, EBEL, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT[1]
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a declaratory judgment in a diversity action. Farmers Alliance Mutual Insurance Company (Farmers) filed a declaratory judgment action seeking a determination as to whether Michael Ingersol, a foster child, was a resident of the foster family household in which he was placed by his legal custodian, the Oklahoma Department of Human Services (Human Services).
 
 
 3
 Michael Ingersol was removed from his natural parents' home by Human Services in Logan County, Oklahoma. In February 1989, Human Services placed Michael in James and Kathy Simpson's home for foster care. Michael remained in that foster care placement until May 2, 1989, when he manifested a severe injury and was removed from the Simpson home. Michael's natural parents filed suit against the Simpsons and Human Services, alleging negligent and intentional acts in connection with Michael's injuries.
 
 
 4
 During the period of Michael's stay, the Simpsons were the named insureds in a homeowners insurance policy issued by Farmers. The homeowners policy in question excludes coverage for bodily injury to an insured. An insured is defined in the policy to include residents of the household who are under twenty-one and in the care of any person named in the policy.
 
 
 5
 Farmers filed an action in federal court seeking a declaration that it had no duty to indemnify or defend the Simpsons in connection with the action brought by the Ingersols against the Simpsons for Michael's injuries. It maintained that Michael was a resident of the Simpson household and, as such, was excluded from coverage for bodily injury as an insured under the policy. The district court ruled, as a matter of law, that the term "resident" was not ambiguous, and it then submitted to a jury the question of whether Michael was a resident of the Simpson household in light of the specific facts of the case. The jury, after hearing the evidence and having been instructed by the court on the factors it should consider, found that Michael was a resident of the Simpson household. Based on the jury's determination, the district court entered a declaratory judgment in favor of Farmers. Specifically, the district court found that, because the policy exclusion precluded coverage, Farmers had no duty to indemnify or defend the Simpsons. We have reviewed the record and arguments of the parties, and we find no reversible error.
 
 
 6
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 Entered for the Court
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470